```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, *a limited liability company of the State of Delaware*,<br><br>              Plaintiff,<br><br>     v.<br><br>2.510 ACRES OF LAND IN THE BOROUGH OF SWEDESBORO, GLOUCESTER COUNTY, NEW JERSEY, GARY STECHER, fee owner, and THE COUNTY OF GLOUCESTER,<br><br>              Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>    Civil Action<br>  No. 15-212 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

     This action comes before the Court among six condemnation actions filed by Plaintiff Columbia Gas Transmission, LLC (hereinafter, "Plaintiff"), seeking to acquire permanent and temporary construction easements across various landowner defendants properties, in order to construct a new 9.6 mile pipeline through the Townships of Logan and Woolwich in Gloucester County, New Jersey. (See generally Compl.)  In connection with the Verified Condemnation Complaint filed in each action, Plaintiff sought injunctive relief under the eminent domain authority of the Natural Gas Act, 15 U.S.C. § 717f (hereinafter, the "Gas Act"), and Federal Rule of Civil Procedure 65, and specifically requested immediate possession of

the easements, prior to a final determination of the amount of compensation due to the landowner defendants as condemnees. (See generally Pl.'s Br. [Docket Item 1-4].)

On January 28, 2015, the Court resolved the question of immediate possession in five of the six actions, see Columbia Gas Transmission, LLC v. 1.092 Acres of Land in the Twp. of Woolwich, Gloucester Cnty., N.J., Nos. 15-208, 15-211, 15-213, 15-216, 15-218, 2015 WL 389402 (D.N.J. Jan. 28, 2015), but deferred determination of Plaintiff's entitlement to immediate possession in this action, as a result of an unavoidable delay in Plaintiff's ability to serve the landowner Defendant Gary Stecher (hereinafter, "Stecher").

Following service, the Court scheduled a show cause hearing for February 6, 2015, but cancelled the hearing at the parties' request, in light of the fact that Defendants "'do not object to the relief sought by [Plaintiff] at this time, namely, possession of the easements condemned,'" and therefore did not intend to appear at the February 6, 2015 show cause hearing. [Docket Item 16.]  With the record in this action now closed, the Court turns to Plaintiff's motion.  For the reasons that follow, and those set forth in Columbia Gas Transmission, LLC, 2015 WL 389402, at *3-*5, the Court finds Plaintiff entitled to immediate possession of the requested easements across Defendant

2

Stecher's property, and will grant Plaintiff's motion. The Court finds as follows:

1.  The Court's prior Opinion in the related condemnation proceedings, see Columbia Gas Transmission, LLC, 2015 WL 389402, at *1-*2, sets forth the detailed factual history of this litigation, and will not be reiterated herein.  Rather, for the purposes of the pending motion, the Court notes that on, December 18, 2014, the Federal Energy Regulatory Commission (hereinafter, "FERC") issued a Certificate authorizing Plaintiff to construct its proposed pipeline. (See Luis Dec., Ex. A.) In so approving, FERC specifically found Plaintiff's proposed project required for "the public convenience and necessity," in light of the fact that it will "provided needed transportation infrastructure," and based upon the "minimal adverse impacts on [Plaintiff's] existing customers, other pipelines and their captive customers, [] landowners and surrounding communities." (Id.)

2.  In advance of FERC approval, Plaintiff has, since 2012, sought to identify the individual properties impacted by its proposed construction, and has engaged in ongoing negotiations in order to purchase the necessary easements. (Compl. at ¶ 14; see also Luis Dec. at ¶¶ 16-18 (certifying that Defendant's property falls within the area of Plaintiff's anticipated construction).)  Despite these efforts, Plaintiff

3

has been unable to reach a negotiated agreement with respect to Defendant Stecher's property in Gloucester County, New Jersey. (Id.) Nevertheless, Plaintiff insists that it requires immediate possession of the property, in order to meet the various environmental and contractual restrictions on its construction, and therefore seeks to acquire immediate possession of "a permanent easement and right-of-way, 50 feet in width," along with a "temporary workspace." (Id. at ¶ 5.) However, as stated above, Defendant Stecher does not oppose Plaintiff's request for immediate possession. [Docket Item 15.]

    3.   In the related condemnation actions, the Court found, upon substantively identical submissions, that Plaintiff had demonstrated an established right to condemn the landowner defendants' properties under the Gas Act, 15 U.S.C. § 717f(h), and that preliminary relief in the form of immediate possession was appropriate. See Columbia Gas Transmission, LLC, 2015 WL 389402, at *3-*5.  Here, the Court concludes, for the same reasons, that Plaintiff has demonstrated an entitlement to exercise eminent domain over the specified portions of Defendant Stecher's property under the authority of the Gas Act and the FERC certificate.  See id. at *4.  Similarly, the Court finds, for the reasons set forth in Columbia Gas Transmission, LLC, 2015 WL 389402, at *4-*5, that the preliminary injunction factors all favor immediate possession, particularly given

4

FERC's issuance of a certificate of public necessity, the minimal harm to Defendant given the Court will direct Plaintiff to deposit funds in the Court's registry, and in light of Plaintiff's assertion that any delay could cost "as much as $157,000 per occurrence," and could result in lost revenues in the amount of $126,000 per day." (Luis Dec. at ¶¶ 22, 38.)

    4.  For all of these reasons, Plaintiff's motion for preliminary injunction will be granted. [Docket Item 1.] An accompanying Order will be entered, together with an Order for Condemnation providing for condemnation, posting of payment into the Registry of Court, and entry onto the premises to perform construction. No determination is made regarding the amount of just compensation to which Defendant Stecher is entitled. For any matter in which the parties do not reach a negotiated agreement, a scheduling conference under Rule 16, Fed. R. Civ. P., will be convened in due course, and such matter will be scheduled, following discovery, for its compensation hearing in accordance with Federal Rule of Civil Procedure 71.1.

 **February 6, 2015**                      **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                                       Chief U.S. District Judge